IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and ARTHUR H. BUNTE, JR., as Trustee,<br><br>*Plaintiffs,*<br><br>v.<br><br>MAJOR LEAGUE TRUCKING, L.L.C., an Indiana limited liability corporation,<br><br>*Defendant.* | Case No. 17-cv-7720<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund and Arthur H. Bunte, Jr., one of its present trustees, allege as follows:

## JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is a suit to recover employer contributions owed by Defendant in accordance with applicable collective bargaining and trust fund agreements.

2. This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Health and Welfare Fund") is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Rosemont, Illinois. Venue is also proper

in this Court pursuant to the forum selection clause contained in the Health and Welfare Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Health and Welfare Fund is an employee benefit plan and trust, with its principal and exclusive office located at 9377 West Higgins Road in Rosemont, Illinois.

5. The Health and Welfare Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements and participation agreements with local unions affiliated with the International Brotherhood of Teamsters on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Health and Welfare Fund and paying the administrative expenses of the Health and Welfare Fund.

6. Plaintiff Arthur H. Bunte, Jr. is a trustee and "fiduciary" of the Health and Welfare Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Arthur H. Bunte, Jr. is authorized to bring this action on behalf of the Health and Welfare Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7. Defendant Major League Trucking, LLC ("Major League") is a limited liability company organized under the laws of the State of Indiana and with its principal place of business in Merrillville, Indiana.

8. Major League is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

9. Local Union No. 142 ("Local 142") of the International Brotherhood of Teamsters is a labor organization which represents, for the purpose of collective bargaining, certain employees of Major League and employees of other employers.

10. During all relevant times, Major League and Local 142 have been parties to a collective bargaining agreement pursuant to which Major League has been required to make contributions to the Health and Welfare Fund on behalf of certain of its covered employees.

11. Major League and Local 142 are also parties to a Participation Agreement which requires Major League to pay contributions to the Health and Welfare Fund.

12. Major League agreed to be bound by the terms of the Health and Welfare Fund's Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under the Trust Agreement.

13. Under the Trust Agreement, Major League was required to remit continuing and prompt contributions to the Health and Welfare Fund as required by the applicable participation agreement.

14. The Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer contributions from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as are permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized rate

of 7.5% (whichever is greater). Any judgment against an Employer for Employer contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer contributions. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

15. The Health and Welfare Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Health and Welfare Fund bills the employers for contributions.

16. Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Health and Welfare Fund on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement (e.g., layoffs, new hires, terminations, etc.). The Health and Welfare Fund relies upon these reports submitted by employers to prepare a monthly contributions bill that is sent to the employer. If no changes are reported by the employer, the Health and Welfare Fund assumes that the same employees are still working and bills the employer accordingly.

## STATUTORY AUTHORITY

17. Section 515 of ERISA , 29 U.S.C. § 1145, provides:

   Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

18. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

   In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

   (A)   the unpaid contributions,

   (B)   interest on the unpaid contributions,

   (C)   an amount equal to the greater of--

       (i)   interest on the unpaid contributions, or

       (ii)  liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

   (D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and

   (E)   such other legal or equitable relief as the court deems appropriate.

   For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## STATUTORY AND CONTRACTUAL VIOLATIONS

19. During the period of March 26, 2017 through July 29, 2017, Major League reported the work history of its covered employees to the Health and Welfare Fund.

20. During the period of July 30, 2017 through September 30, 2017, Major League failed to report the work history of its covered employees to the Health and Welfare Fund. Therefore, the Health and Welfare Fund assigned the same work history as the previously reported period.

21. Based upon Major League's self-reporting for the period of March 26, 2017 through July 29, 2017, and the Fund's assignment of work history for the period of July 30, 2017 through September 30, 2017, Major League has breached the provisions of ERISA, the collective bargaining agreement, the Participation Agreement, and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Health and Welfare Fund.

22. Major League has also failed to pay interest on contributions for the period of February 26, 2017 through March 25, 2017, owed to the Health and Welfare Fund.

23. Despite demands that Major League perform its statutory and contractual obligations with respect to making contributions to the Health and Welfare Fund, Major League has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraphs 20 and 21.

24. Major League owes the Health and Welfare Fund at least $13,492.10 for unpaid contributions and interest for the period of February 26, 2017 through September 30, 2017.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of the Health and Welfare Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Trust Agreement, for:

    (i) the unpaid contributions owed to the Health and Welfare Fund based upon the employee work history reported by Defendant;

        (ii)    interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

        (iii)    an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

        (iv)    attorney's fees and costs.

    (b)    Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

    (c)    For such further or different relief as this Court may deem proper and just.

Respectfully submitted,

 */s/ Caitlin M. McNulty*
Caitlin M. McNulty (ARDC #6317985)
CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, IL  60018
(847) 939-2463
cmcnulty@centralstatesfunds.org

October 26, 2017        *COUNSEL FOR CENTRAL STATES*